TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00760-CR

Leandro Caracciolo, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY

NO. 481-342, HONORABLE DAVID PURYEAR, JUDGE PRESIDING

PER CURIAM

A jury found appellant guilty of assault. Tex. Penal Code Ann. § 22.01(a)(1) (West 1994). 
The county court at law assessed punishment at incarceration for 140 days.

Appellant was represented by retained counsel at trial. Appellant's first counsel on appeal
was allowed to withdraw after appellant failed to communicate with him. A substitute attorney was
appointed to represent appellant on appeal, pending an indigency hearing. Appellant failed to appear for
the hearing. The court found that appellant did not prove his indigence and revoked the order appointing
counsel. As a consequence, appellant represents himself on appeal.

Appellant did not pay for the reporter's record and none has been filed. See Tex. R. App.
P. 35.3(b)(3). The Clerk sent written notice to appellant at his last known address that the record is
overdue. The notice was returned with the notation "attempted--not known." We conclude that the
absence of the reporter's record is appellant's fault and that he has been given a reasonable opportunity
to cure. The appeal will be considered and decided without the reporter's record. See Tex. R. App. P.
37.3(c). Given appellant's failure to communicate with counsel or to appear for the indigency hearing, and
in the absence of an address at which he can be reached, we will consider the appeal without briefs. See
Tex. R. App. P. 38.8(b)(4).

We have examined the clerk's record and find no fundamental error or other matter that
should be considered in the interest of justice. The judgment of conviction is affirmed.

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: April 9, 1998

Do Not Publish